IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO. 2:19-CR-353-ALB-JTA |
| LEGESTIN TYLER RICHARDS | |

*Motion to Suppress*

COMES NOW Legestin Tyler Richards and files this Motion to Suppress the evidence obtained on the day of his arrest on or about February 27, 2018, as the same was taken from an illegal search in violation of the Fourth Amendment. As grounds for suppressing the evidence, the following is submitted:

*Issues Presented:*

Whether evidence received from Facebook violated the Fourth Amendment as to staleness, overbreadth and unparticularized nexus of the information sought to be obtained and whether the evidence obtained should be suppressed as fruits of the poisonous tree?

*Discussion and Law:*

Mr. Richards is charged in a 5 count indictment with possession of a firearm by a prohibited person, possession with intent to distribute marijuana and oxycodone, possession of a firearm in furtherance of a drug trafficking crime, and possession of an unregistered firearm. Mr. Richards has been provided with discovery which includes approximately 20,000 pages of documents purportedly

from Facebook in response to the search warrant they received signed by a Magistrate Judge on or about October 31, 2019. The search warrant issued to Facebook based on with an affidavit signed by ATF Task Force Officer Jeffrey Ioimi requesting essentially all the posts for two different accounts held with Facebook, to-wit: https://facebook.com/profile/php?id=100024809103139 and https://facebook.com/legstin. There is no information in the affidavit illustrating a relationship between who Officer Ioimo thinks is operating the Facebook pages and that it is Legestin Richards. There are pictures of multiple persons and a person who is purported to be Legestin Richards in various pictures that are submitted to show Mr. Richards' ownership. However, there is no information showing that the Officer or anyone has any personal information that is not readily available to other persons who could falsify the Facebook listing and posts. The Officer failed to show to the Court that the information obtained can be said have been posted by Legestin Richards. The Officer makes conclusory statements but no information found from any investigation that the materials are from Legestin Richards and is therefore unreliable and the Court has not been shown that any illegal activity performed by Mr. Legestin Richards was conducted through any Facebook pages.

The Officer has no information from confidential sources, from his independent investigation, leads, or otherwise that the Facebook posts are from Legestin Richards. There is no connection in time and no nexus to the materials found on Facebook that would be open to the public or otherwise that connected criminal behavior to the Facebook posts.

The information submitted to the Magistrate was stale and should not have been used as a basis for issuance of the search warrant. Specifically, the Officer stated the "probable cause" to issue the search warrant was information from 2017 from a shooting from a vehicle where someone was murdered, there were multiple guns, marijuana, oxycodone pills, and paraphernalia was recovered in March 2, 2018, that a cousin of Mr. Legestin Richards had left guns at a residence of Mr. Richards' aunt where Mr. Richards stayed at from time to time, that purportedly Mr. Richards had been involved in a altercation with a female and a gun was in their hotel room, that a cooperating defendant provided information that gang members associated with Mr. Richards' were selling stolen firearms, and there was a transfer of money purportedly from Mr. Richards for the working on vehicles.

None of the information submitted, observed, or reported above and provided in the affidavit has any connection with Facebook. There is no information relating to any contacts or association of criminal activity and Facebook involving Mr. Richards.

The information submitted by the Officer that are purportedly from or associated with Mr. Richards was stale as to time, place, or otherwise as to any association with Facebook posts. Therefore the information provided from the warrant must be suppressed. There is no connection from any allegations of criminal activity and the use of Facebook except for information obtained by another officer, U.S. Marshal Garner. The information sought via warrant from Facebook was requested for dates from July 29, 2017, to October 29, 2019, however

the only contact in the affidavit to the warrant is information already obtained by Deputy Marshal Garner for August 13, 2019 to September 26, 2019. There is no information related to criminal activity involving Mr. Richards and Facebook from any source up until 2019 per Deputy Marshal Garner. Therefore, there is no indication that any information on Facebook would be based on stale information.

The requested information from Facebook is overlybroad and lacks any particularity. There is no indication in the Affidavit or Warrant that limits the Facebook request as to time or involvement to a specific time or specific activities. Specifically, the attachments to the Affidavit and Warrant requests information from two Facebook "accounts" https://www.facebook.com/profile.php?id=100024809103139 and https://www.facebook.com/legestin. (See Attachment A) to the Search Warrant.

Further, the information sought as detailed in Attachment B lists: (a) *All* contact and personal identifying information; (b) *All* activity logs for the account showing the users' posts and activities; (c) *All* photos and videos including metadata associated with dates and times of photos and videos taken, GPS coordinates, make model and serial number of the devise used; (d) *All* profile information, associated group members, postings, "tags" or friend requests; (e) *All* records and information regarding devices and internet browsers unique device identifiers, mobile network information, and "user agent string"; (f) *All* other records and communications and messages made or received, or chat history, etc.,; (g) *All* "check ins" and location information; (h) *All* IP logs and IP addresses; (i) *All* records of the "account's usage"

of the "Like" feature; (j) *All* of the information relating to pages that the user is a "fan" of through the account(s); (k) *All* past and present lists of friends; (l) *All* records of Facebook searches performed by the account; (m) *All* information about the user's access and use of Facebook Marketplace; (n) The types of service utilitized by the user; (o) The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number); (p) *All* privacy settings and other account settings; including privacy settings for individual Facebook Posts and activities, and *all* records showing which Facebook users have been blocked by the account; (q) other accounts and *all* account information that may be associated with this account after it has been identified; and (r) *All* records pertaining to communications between Facebook and any person regarding the user or the user's Facebook account, including contacts with support services and records of actions taken.

     The overbreadth and lack of particularity of the affidavit and warrant and the request for information does not limit any information relating to criminal activities but to all actions, information, banking information, etc. The breadth of the warrant is requesting all financial information, notes, records, etc., for all actions through this website and site. There is no limitation as to time or actions related to guns, drugs, or otherwise. This type of "general warrant" is not allowed and has been questioned if it's a violation of the 4th Amendment pursuant to *U.S. v. Blake*, 868 F.3d. 960, at 974 (11th Cir. 2017). The *Blake* case was finally resolved based on the *Leon* good faith exception which the Court determined allowed the

evidence to be admitted. *U.S. v. Leon*, 468 U.S. 897 (1984). However, it is obvious that now the Court has knowledge, or should, based on this Eleventh Circuit Court case questioning the particularity of the Facebook search warrant in that case. From the reading of the *Blake* case, the affidavit submitted for the Facebook information is the all-encompassing coverage as in the case with Mr. Richards. Because the Court can not be said to know that the particularity of this type of warrant is questioned, the Magistrate and the officers can not be said to be able to blindly rely on this type of warrant.

There is no nexus or connection of any illegal activity of Mr. Richards and Facebook from the submitted probable cause from Officer Ioimo and therefore the evidence is due to be suppressed. There is no connection as shown in the probable cause section of the affidavit that directs the Officers to Facebook and there is no information about drugs or guns that is corroborated by independent information or investigation in support of the affidavit that connects the alleged illegal activity with Facebook and therefore the evidence is due to be suppressed. *U.S. v. Betancourt*, 734 F.2d. 750, at 754 (11th Cir. 1984).

## *Conclusion*

Based on the foregoing arguments for the suppression of this evidence, the same is due to be heard at a hearing and the evidence is due to be suppressed.

Respectfully submitted this the 22nd day of February, 2020.

/s/ Richard F. "Matt" Matthews, Jr.
Richard F. Matthews, Jr. (MAT048)
For Mr. Raymond David Richards

Of Counsel:
The Law Office of
Richard F. Matthews, Jr., LLC
621 South Hull Street
Montgomery, Alabama 36104
Telephone: 334-398-8408
Fax: 334-263-1130
Email: matt@mmatthewslaw.com

## *CERTIFICATE OF SERVICE*

      I hereby certify that on February 22nd, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                    s/ Richard F. "Matt" Matthews, Jr.
                                    Of Counsel

Attachment A