IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:19-cr-353-ALB |
| | ) | |
| LEGESTIN RICHARDS | ) | |

THE UNITED STATES' MOTION IN LIMINE PERTAINING TO LEGESTIN RICHARDS'
CRIMINAL HISTORY AND MEMORANDUM OF LAW
IN SUPPORT THEREOF

Comes now the United States of America, by and through Louis V. Franklin, Sr., United States Attorney for the Middle District of Alabama, and hereby respectfully moves in limine and requests that the Court issue a pre-trial ruling permitting, pursuant to Federal Rule of Evidence 404(b), evidence of the defendant's prior narcotics related conviction as evidence of his intent to commit the charged offenses.

**LAW AND ARGUMENT**

In drug cases, like the one here[1], precedent in this Circuit establishes that prior drug convictions, even old ones, are generally admissible to demonstrate a defendant's intent to possess with the intent to distribute drugs. *See United States v. Smith*, 741 F.3d 1211, 1225 (11th Cir. 2013). That is the case even if the prior conviction was for possession of a drug and the present charge is possession with the intent to distribute a drug. *Id.* at 1225. Further, this is the case "even where the prior conviction is many years old." *Id.* at 1225-26 (collecting cases), *citing United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995).

The defendant has the following felony drug conviction: Unlawful Possession of Marijuana in the First Degree (based upon other than personal use) in the Circuit Court of Montgomery

---

[1] Count 2 of the 5-count Indictment charges the defendant with Possession With the Intent to Distribute Marijuana.

County, Alabama, case number CC-2016-1394.

"Subject to specific exceptions, Rule 404(b) provides that extrinsic evidence is not admissible to prove defendant's character in order to show action in conformity therewith." *United States v. Calderon*, 127 F.3d 1314, 1330 (11th Cir. 1997). However, "Federal Rule of Evidence 404(b) empowers courts to admit evidence of a defendant's other crimes when that evidence is used to prove, *inter alia*, the defendant's intent to commit the crime at issue." *United States v. Smith*, 741 F.3d at 1225. The rule is one of inclusion, not exclusion, and like other relevant evidence, it should not be excluded unless its probative value is significantly outweighed by the danger of unfair prejudice. *See United States v. Smith*, 741 F.3d at 1225, *quoting United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003); *see also* Fed. R. Evid. 403 ("The court may exclude relevant evidence if the probative value is substantially outweighed by the danger ... of unfair prejudice...."). "To determine whether the evidence is more probative than prejudicial, a district court must engage in a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *United States v. Brown*, 587 F.3d 1082, 1091 (11th Cir. 2009), *citing United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997).

By pleading not guilty, the defendant placed in issue his motive to commit the charged offenses; his opportunity to commit those crimes; any plan he had to commit the crimes, and his intent to commit the crimes. Specifically, "[a] defendant who enters a not guilty plea makes intent a material issue[,] which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." *United States v. Edouard*, 485 F.3d at 1345.

This Circuit has developed a three-part inquiry relative to Rule 404b. "First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." *United States v. Dickerson*, 248 F.3d 1036, 1037 (11th Cir. 2001).

Evidence of the defendant's prior narcotic related conviction is relevant to the defendant's intent because the defendant's state of mind in committing the instant offenses is the same as with the previous controlled substance conviction – to possess with the intent to distribute marijuana. *Id*. ("Where the extrinsic evidence is offered to prove intent, its relevance is determined by comparing the defendant's state of mind in perpetrating both the extrinsic and charged offenses.") (internal quotation marks and citation omitted). Because the defendant's state of mind was the same for the instant offense and the prior offenses, "the first prong of the Rule 404(b) test is satisfied." *United States v. Edouard,* 485 F.3d at 1345; *accord, United States v. Roberts*, 619 F.3d 379, 382 (5th Cir. 1980).

As to the second prong, the Government's evidence is more than sufficient to support a finding that the defendant committed the charged offenses. In this case the Government will introduce into evidence a certified copy of conviction as evidence that the defendant pled guilty to committing the extrinsic act.

And finally, as to the third part of the test, the probative value of the admitted evidence outweighs any prejudicial effect. "Factors to be considered" in deciding whether the evidence is more probative than prejudicial "include whether it appeared at the commencement of trial that

3

the defendant would contest the issue of intent, the overall similarity of the charged and extrinsic offenses, and the temporal proximity between the charged and extrinsic offenses." *United States v. Edouard*, 485 F.3d at 1345.  In this case, the defendant has never filed any motion or made any indication before trial that his intent would not be in issue.  Intent still in play, evidence regarding the defendant's prior narcotic related conviction is highly probative of his intent to commit the instant offenses as the past conviction and present charge involve essentially, if not exactly, the same intent.

Finally, "Rule 403 is an extraordinary remedy[,] which should be used only sparingly since it permits the trial court to exclude concededly probative evidence.  The balance under the Rule, therefore, should be struck in favor of admissibility." *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006) (internal quotation marks and citations omitted).  Weighing the factors for determining whether other crimes evidence should be admitted, this Court should conclude that its probative value is not substantially outweighed by a danger of undue prejudice.

Wherefore, premises considered, the United States respectfully requests that its Motion in Limine be granted.

Respectfully submitted, this the 5th day of March, 2020.

    LOUIS V. FRANKLIN, SR.
    UNITED STATES ATTORNEY


    /s/Kevin P. Davidson
    KEVIN P. DAVIDSON
    Assistant United States Attorney
    131 Clayton Street
    Montgomery, AL  36104
    Tel: (334) 223-7280
    Fax: (334) 223-7135
    Email: kevin.p.davidson@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:19-cr-353-ALB |
| | ) | |
| LEGESTIN RICHARDS | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will serve a copy upon all counsel of record.

Respectfully submitted,

LOUIS V. FRANKLIN, SR..
UNITED STATES ATTORNEY

/s/Kevin P. Davidson
KEVIN P. DAVIDSON
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Tel: (334) 223-7280
Fax: (334) 223-7135
Email: kevin.p.davidson@usdoj.gov